J-A03022-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| IN RE: ESTATE OF CARY H. SIMPSON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JOHN FREDERICK SIMPSON | : | |
| | : | No. 122 WDA 2018 |

Appeal from the Order Entered December 19, 2017
in the Court of Common Pleas of Blair County
Orphans' Court at No(s): No. 2017 OC 11

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED MAY 31, 2019

I write separately because I am troubled by the Majority's analysis of Appellant's argument as to why the June 1, 2017 consent decree should be vacated. In essence, Appellant alleges the orphans' court should have vacated the June 1, 2017 consent decree because Appellant agreed to the decree under misleading pretenses created by the Executor. Appellant's Brief at 33-24.

"It has long been the law that courts of equity have the power to reform a written instrument where there has been a showing of fraud, accident or mistake." Zurich Am. Ins. Co. v. O'Hanlon, 968 A.2d 765, 770 (Pa. Super. 2009). Although Appellant argues the existence of a mutual mistake, I believe he is really trying to express the existence of a unilateral mistake. Generally, "[a] unilateral mistake, which is not due to the fault of the party not mistaken, but to the negligence of the one who acted under

_____
*Retired Senior Judge assigned to the Superior Court.

the mistake, cannot be a basis for refusing to enforce [an agreement] according to its terms." Ford Motor Co. v. Buseman, 954 A.2d 580, 587 (Pa. Super. 2008). However, "a mistake by one party, and knowledge of the mistake by the other, [may] justify relief as fully as a mutual mistake," and can estop the party with the knowledge of the mistake from relying on the mistake. Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Pub. Corp., 301 A.2d 684, 687-88 (Pa. 1973). "The mistake must go to the basis of the bargain between the parties, must materially affect the parties' performance, and must not be one as to which the injured party bears the risk before the party will be entitled to relief." RegScan, Inc. v. Con-Way Transp. Servs., Inc., 875 A.2d 332, 340 (Pa. Super. 2005). "If a mistake is demonstrated, the contract may be reformed, or the injured party may avoid his or her contractual obligations." Id.

Under the particular facts of this case, I believe Appellant has proven that he agreed to the consent decree under the mistaken belief that the Estate's dire financial situation remained the same as it was at the May 3, 2017 hearing. The Executor filed a petition averring that the Estate had a significant shortfall of assets that could not be met unless certain properties specifically devised to Barbara and Appellant could be sold. The Executor represented the same during the May 3, 2017 proceeding. N.T., 5/3/2017, at 29.

- 2 -

The parties were unable to complete the proceeding during the court's allotted timeframe; so the hearing was reconvened on June 1, 2017. The parties used the delay to negotiate, and were able to come to an agreement regarding the Executor's request to sell the property devised to Appellant. However, according to Appellant, despite representing that a judicially-ordered sale of the properties was necessary to meet the obligations of the Estate's dire financial state, the Executor never informed Appellant or the orphans' court that Barbara had already disclaimed her interest in the properties specifically devised to her, thereby clearing the way for the Executor to accept pending offers to sell those properties and for the Estate to receive a cash infusion. Furthermore, the Executor never informed Appellant or the orphans' court that it had entered into a sales agreement for the radio station and property two days before the June 1, 2017 proceeding. Accordingly, Appellant contends that he agreed to sell the Henderson Township property under the mistaken belief that sale of the Henderson Township property was necessary to meet the Estate's obligations at that time, but in reality, the sale was not necessary.

The Majority affirms the orphans' court, which reasoned that Appellant was aware of the Executor's intent to sell the radio station from the Executor's testimony at the May 3, 2017 hearing. The Majority also emphasizes that Barbara's disclaimer of the property specifically bequeathed to her was recorded of public record in the Blair County Records of Deeds

Office prior to Appellant's agreement to the June 1, 2017 consent decree. I find this fact to be irrelevant. Could Appellant have checked the public record with the Blair County Records of Deeds Office? Sure. But what reasonable person would do so? Barbara disclaimed her interest prior to the May 3, 2017 hearing; yet the Executor made no mention of such disclaimer at the hearing. Under these circumstances, it was reasonable and not negligent for Appellant to have relied upon the Executor's representations of the Estate's financial state.

Nevertheless, I am not convinced that the sale of the properties bequeathed to Barbara and the radio station could have saved the estate from needing to sell the Henderson Township property. As the Majority discusses, Appellant's calculations fail to account for all expenses and rely on assets that may not come into fruition. Majority at 17. Thus, Appellant has not proven that the pending sales of the properties referenced above could have provided sufficient residentiary assets to the Estate such that the Estate could avoid selling the Henderson Township Property.